**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 95-20298
Summary Calendar

---

ROBERTO MARINELLI PEREZ and
JOAQUINA MARIA SALCEDO P. DE MARINELLI,

Plaintiffs-Appellants,


VERSUS


PAN AMERICAN LIFE INSURANCE COMPANY and
SEGUROS PANAMERICANA, S.A.,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
(CA H 94 3096)

(October 20, 1995)

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Roberto Marinelli Perez and Joaquina Maria Salcedo P. De Marinelli ("Marinelli") brought a diversity action against defendants-appellees Pan American Life Insurance

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Company ("Pan American") and Seguros Panamericana, S.A. ("Seguros") in the United States District Court for the Southern District of Texas alleging violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code, breach of the duty of good faith and fair dealing, breach of contract, and intentional infliction of emotional distress. The district court dismissed the claims against Pan American for failure to state a claim. The district court also dismissed the claims against Seguros on the basis of improper venue. Seguros, although named in the original complaint, was never properly served, did not enter an appearance in the district court and is not a party to the appeal. Marinelli nevertheless appeals the district court's rulings as to both defendants.

We affirm in part, reverse in part and remand for further proceedings.

FACTS

Roberto Marinelli Perez, a Guatemalan citizen and resident, purchased a medical insurance policy from Seguros in June 1992. Seguros, a subsidiary of Pan American, is a Guatemalan corporation licensed to sell insurance in Guatemala. Marinelli purchased the policy based, in part, on the representation that Seguros would reimburse expenses incurred for medical treatments provided anywhere in the world. Marinelli claims that Seguros specifically represented that he and his family could come to the Houston, Texas Medical Center for treatment if the need arose. All premiums due under the policy were paid.

On May 3, 1993, Marinelli's son Andres was born and Marinelli

submitted an application to add him to the policy, which was initially approved. On July 7, 1993, Andres was diagnosed with a congenital liver dysfunction and began receiving medical treatment in Houston, Texas, the cost of which eventually exceeded $300,000. Andres' Texas medical treatments were pre-approved by Seguros. Later, Seguros denied Marinelli's claim for benefits, stating that Andres' treatment was not covered because it fell within the policy's pre-existing condition exclusion.

On July 4, 1994, Seguros sued Marinelli in Guatemala on a declaratory judgment action alleging fraud in the procurement of the policy endorsement for Andres, asserting that Marinelli intentionally omitted from the insurance application certain information regarding his newborn child's congenital condition.

DISMISSAL OF PAN AMERICAN

a. Standard of review

In reviewing the district court's judgment of dismissal for failure to state a claim against Pan American upon which relief may be granted, we must determine whether there is any set of facts on which Marinelli would be entitled to recover that could be proven consistent with the allegations contained in the complaint. *Baton Rouge Bldg. & Constr. Trades Council, AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986).

b. Was Pan American an alter ego of Seguros?

Pan American did not have a contract of insurance with Marinelli. The insurance contract was entered into by Marinelli and Seguros, a foreign corporation and a subsidiary of Pan

3

American.  The alter ego doctrine is a narrow exception to the general rule which forbids disregarding the separate corporate existence of defendants. *First Nat'l Bank v. Gamble*, 132 S.W.2d 100, 103 (Tex. 1939).  Alter ego is not a separate cause of action, but rather a means of expanding the potential source of recovery. *See Farr v. Sun World Sav. Ass'n,* 810 S.W.2d 294, 297 (Tex. App.-- El Paso 1991, no writ).  Only in exceptional circumstances should a court disregard the corporate identity, and then only to prevent an inequitable result.  *Torregrossa v. Szelc*, 603 S.W.2d 803, 804 (Tex. 1980).

In deciding whether a parent corporation can be held liable for the acts of its subsidiary, the court must determine if the parent corporation participated in wrongful conduct.  Marinelli must allege that Pan American committed a legally sufficient wrong to avoid dismissal on its alter ego theory.  *See Kern v. Gleason*, 840 S.W.2d 730, 736 (Tex.App.--Amarillo 1992, no writ).  The complaint essentially alleges that Pan American used its corporate structure to evade legal responsibility under Texas law.

> Plaintiffs will further show that Defendant, Pan-American Life Insurance Company is liable for the torts of Seguros [] for the reason that said corporation serves merely as a tool or conduit by which defendant does business in Texas while insulating itself from risk and possible liability and that Seguros [] is a mere cloak to conceal wrongs and injustice.  Furthermore, Plaintiffs will show that Defendant seeks to circumvent application of those statutes which this Complaint specifically asserts violations of[.]

Assuming that Guatemalan law is more favorable to an insurance company than Texas law, and that Pan American sought to structure its relationship with its Guatemalan subsidiary so that the

4

subsidiary is governed by Guatemalan law, we find no authority for holding that such conduct is wrongful in any way that gives rise to liability under the alter ego theory.

Further, Marinelli judicially admitted that Seguros is adequately capitalized and able to satisfy any potential judgment in this action. Even though a parent and its subsidiary may have some or all of the same directors, file consolidated income tax returns and conduct inter-corporate business, absent an allegation or evidence that the subsidiary is undercapitalized, incapable of paying the judgment or used its corporate structure to achieve an inequitable result, the parent is entitled to a judgment as a matter of law. *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 376 (Tex. 1984).

For the foregoing reasons, we affirm the district court's dismissal of Pan American.

## DISMISSAL OF SEGUROS

Pan American moved to dismiss the case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Once Pan American raised its venue objection, Marinelli was required to come forward with evidence showing venue is proper in the Southern District of Texas. *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519 (N.D. Tex. 1990).

The district court's memorandum opinion states that it is undisputed that Seguros does no business in Texas, that 28 U.S.C. § 1391(a) controls, and that venue is improper as to Seguros alone. In fact, the record reveals that Marinelli contended that venue was

proper as to Seguros because Seguros could be sued in any district as an alien under 28 U.S.C.§ 1391(d)[1], and that Seguros's status as an alien corporation was undisputed.  As long as Pan American was joined as a defendant, venue was proper only in those districts where venue is proper as to the non-alien defendant, that is, Pan American.  Once Pan American was dismissed, there was no bar to venue in the Southern District of Texas as to Seguros.

Pan American, arguing on behalf of Seguros, suggests that we affirm Seguros's dismissal on the basis of lack of personal jurisdiction.  However, the question of personal jurisdiction has nothing to do with venue. *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451 (5th Cir.), *cert. denied,* 404 U.S. 940, 92 S. Ct. 280, 30 L. Ed. 2d 253 (1971).  We decline to make a determination concerning personal jurisdiction, since neither the pleadings and evidence below, the district court's opinion, nor the parties affected have developed that issue.

### CONCLUSION

We affirm the district court's dismissal of Pan American, reverse the dismissal of Seguros for improper venue, and remand for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

[1] "An alien may be sued in any district." 28 U.S.C. 1391(d)